UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WALTER LEE PEARSON, ) | ) | 1:07-cv-00456-AWI-TAG HC |
| Petitioner, | ) ) ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |
| v. | ) ) | FOR UNTIMELINESS [Doc. 1] |
| L. E. SCRIBNER, | ) ) ) | ORDER REQUIRING RESPONSE TO ORDER TO SHOW CAUSE WITHIN TWENTY DAYS |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On or about March 22, 2007, Petitioner filed the instant petition. In the petition, Petitioner contends that his Three Strikes sentence violates federal due process. (Id.).

**DISCUSSION**

A. Preliminary Screening.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in <u>Herbst v. Cook</u>, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42.

B. <u>Statute of Limitations</u>.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997). As the instant petition was filed on or about March 22, 2007, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, Petitioner was convicted on August 15, 2000. (Doc. 1, p. 1). Petitioner filed a direct review of his conviction, which terminated with the California Supreme Court denying his

Petition for Review on March 20, 2002.[1]  Petitioner's state court judgment would have become final ninety days after that date, or June 18, 2002, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.  Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001); Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999).

Petitioner would then have had one year from that date, or until June 18, 2003, absent applicable tolling, to file his federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In this case, Petitioner alleges that he filed habeas petitions at each level of the state courts, beginning with the Superior Court for the County of Tulare.  (Doc. 1, p. 2).  Petitioner does not indicate the date on which he filed the Superior Court petition, which was denied on October 20, 2005; however, the Superior Court's ruling indicates that the petition was filed "5 years after [Petitioner's] trial and sentencing [in 2000]."  (Doc. 1, p. 23).

As mentioned, the statute of limitations would have expired on June 18, 2003, at least eighteen months *before* Petitioner would have filed his first state habeas petition.  A petitioner is not entitled to tolling where, as here, the limitations period has already run prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Jackson v. Dormire, 180 F.3d 919, 920 (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).  Accordingly, the instant petition appears to be untimely.  If Petitioner has information that would entitle him to additional statutory tolling, he should provide that information in his response to this Order To Show Cause.

///

---

[1] Although Petitioner does not list the date of the denial of his Petition for Review, the Court has determined the proper date from the California state courts' electronic database.

**ORDER**

Therefore, Petitioner is ORDERED to SHOW CAUSE why the instant petition should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d).  Petitioner is GRANTED twenty (20) days from the date of service of this order to respond.

Petitioner is forewarned that failure to comply will result in Findings and Recommendations recommending that the petition be dismissed.

IT IS SO ORDERED.

Dated:   **January 8, 2008**                                    **/s/ Theresa A. Goldner**
                                                                                    UNITED STATES MAGISTRATE JUDGE