UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WALTER LEE PEARSON, | ) | 1:07-cv-00456-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO DISMISS PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS AS UNTIMELY [Doc. 1] |
| | ) | |
| | ) | ORDER REQUIRING OBJECTIONS TO BE |
| L. E. SCRIBNER, | ) | FILED WITHIN FIFTEEN DAYS |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On March 22, 2007, Petitioner filed the instant petition. (Doc. 1). In the petition, Petitioner contends that his Three Strikes sentence violates federal due process. (Id.). On January 9, 2008, the Court issued an Order to Show Cause why the petition should not be dismissed for failure to comply with the one-year limitation period provided by 28 U.S.C. § 2244(d). (Doc. 5). The Order to Show Cause provided that Petitioner could file a response within twenty days. To date, more than twenty days has elapsed without Petitioner filing a response of any kind.

**DISCUSSION**

A. Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules

Governing 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039, 1041-1042 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  Herbst, 260 F.3d at 1041-1042.  By issuing its Order to Show Cause, the Court has provided Petitioner with an opportunity to respond.

B.  Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320.  The instant petition was filed on March 22, 2007 and is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1     (2) The time during which a properly filed application for State post-conviction or
2     other collateral review with respect to the pertinent judgment or claim is pending shall
      not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, Petitioner was convicted on August 15, 2000. (Doc. 1, p. 1). Petitioner filed a direct review of his conviction, which terminated with the California Supreme Court denying his petition for review on March 20, 2002.[1] Petitioner's state court judgment would have become final ninety days after that date, or on June 18, 2002, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired. Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001); Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999).

Petitioner would then have had one year from that date, or until June 18, 2003, absent applicable tolling, to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245-1246 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). Here, Petitioner alleges that he filed habeas petitions at each level of the state courts, beginning with the Superior Court for the County of Tulare. (Doc. 1, p. 2). Petitioner does not indicate the date on which he filed the Superior Court petition, which was denied on October 20, 2005; however, the Superior Court's ruling indicates that the habeas claim was raised "5 years after [Petitioner's] trial and sentencing [in 2000]." (Doc. 1, p. 23).

---

[1] Although Petitioner does not list the date of the denial of his Petition for Review, the Court has determined the proper date from the California state courts' electronic database. The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir. 1981); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice. The Court takes judicial notice that Petitioner's petition for review was denied by the California Supreme Court on March 20, 2002 in its case number S104250, which was based upon the California Court of Appeals, Fifth Appellate District case number F037043 cited in the instant habeas petition, as reflected in the state court's records.

1    As mentioned, the statute of limitations would have expired on June 18, 2003, at least
eighteen months *before* Petitioner would have filed his <u>first</u> state habeas petition.  A petitioner is not
entitled to tolling where, as here, the limitations period has *already* run prior to filing a state habeas
petition.  <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000); see <u>Webster v. Moore</u>, 199 F.3d
1256, 1259 (11th Cir. 2000)(same); <u>Jackson v. Dormire</u>, 180 F.3d 919, 920 (8th Cir. 1999)
(petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year
limitations period).  Accordingly, the instant petition is untimely and should be dismissed.

**RECOMMENDATIONS**

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of
habeas corpus (Doc. 1), be DISMISSED for violation of the AEDPA's one-year limitation period.

These Findings and Recommendations are submitted to the United States District Judge
assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
Local Rules of Practice for the United States District Court, Eastern District of California.  Within
fifteen (15) days after being served with a copy, any party may file written objections with the court
and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
Judge's Findings and Recommendations."  The District Judge will then review the Magistrate
Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file
objections within the specified time may waive the right to appeal the District Judge's order.
<u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **April 10, 2008**                                    /s/ Theresa A. Goldner
                                                          UNITED STATES MAGISTRATE JUDGE